1  Michael Adams (SBN 185835)
   madams@rutan.com
2  Damon Mircheff (SBN 233687)
   dmircheff@rutan.com
3  Proud Usahacharoenporn (SBN 278204)
   pusaha@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
5  Costa Mesa, California 92626-1931
   Telephone:  714-641-5100
6  Facsimile:   714-546-9035

7  Attorneys for Plaintiffs
   Robert Bosch GmbH and Robert Bosch, LLC

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ROBERT BOSCH GmbH, a German corporation; and ROBERT BOSCH, LLC, a Delaware limited liability company, | Case No. |
| 12 | **COMPLAINT FOR:** |
| 13              Plaintiffs,  <br> vs. | **(1) TRADEMARK COUNTERFEITING** <br> **[15 U.S.C. §§ 1114(1), 1116(d)(1)(B)]** |
| 14  CHASE MURDOCH, an individual; JACK STEWART, an individual; MILE HIGH | **(2) TRADEMARK INFRINGEMENT** <br> **[15 U.S.C. § 1114(1)]** |
| 15  AUTO PARTS, a business entity of unknown form. | **(3) FALSE DESIGNATION OF ORIGIN** <br> **[15 U.S.C. § 1125(a)]** |
| 16              Defendants. | **(4) FALSE ADVERTISING** <br> **[15 U.S.C. § 1125(a)]** |
| 17 | **(5) COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** |
| 18 | |
| 19 | |
| 20 | **DEMAND FOR JURY TRIAL** |

21

22      Plaintiffs Robert Bosch GmbH and Robert Bosch, LLC allege as follows against

23  defendants Chase Murdoch, Jack Stewart, and Mile High Auto Parts (collectively,

24  "Defendants"):

25                      **INTRODUCTION**

26      1.      Plaintiffs seek injunctive and monetary relief in this action for trademark

27  counterfeiting, trademark infringement, false designation of origin, unfair competition

28

1  and false advertising with regard to registered trademarks of Robert Bosch GmbH

2  ("Bosch GmbH").  As alleged below, defendants have violated, and continue to violate,

3  the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 et seq. (the "Lanham

4  Act"), through their advertising, offering for sale and sale of counterfeit automotive parts.

5       2.      Bosch GmbH is a corporation organized under the laws of the Federal

6  Republic of Germany with its principal place of business in Stuttgart, Germany.

7       3.      Robert Bosch, LLC ("Bosch LLC") is a limited liability company

8  incorporated under the laws of the State of Delaware with offices at 2800 South 25th

9  Avenue, Broadview, Illinois 60155.  Bosch LLC operates under a license agreement from

10 Bosch GmbH to various trademarks.  Bosch LLC's sole member is Robert Bosch North

11 America Corporation, a Delaware corporation with its principal place of business in

12 Farmington Hills, Michigan.  Bosch GmbH and Bosch LLC are sometimes herein

13 referred to collectively as "Bosch."

14      4.      On information and belief, defendant Chase Murdoch ("Murdoch") is an

15 individual residing in the State of Colorado who has a business advertising, offering for

16 sale, and selling automotive parts, including the counterfeit Bosch-branded parts

17 described in this Complaint.

18      5.      On information and belief, defendant Jack Stewart ("Stewart") is an

19 individual residing in the State of Colorado who also has a business advertising, offering

20 for sale, and selling automotive parts, including the counterfeit Bosch-branded parts

21 described in this Complaint.  On information and belief, Stewart has used or uses the

22 aliases "Jack O'Brian Stewart," "Andrew Klein," and "Christopher Wallace."

23      6.      On information and belief, defendants Murdoch and Stewart have an

24 informal partnership concerning the unlawful conduct alleged herein in which Murdoch

25 allows Stewart to use his eBay account in exchange for 10% of the profits.  On further

26 information and belief, Stewart is unable to obtain or use an eBay account in his own

27 name because of his past unlawful conduct involving the sale of counterfeit products

28 through eBay.

Rutan & Tucker, LLP
attorneys at law

2314/102002-0014
10393296.2 a12/05/16

-2-
COMPLAINT

7.    On information and belief, "Mile High Auto Parts," sometimes also shown as "Mile High Auto" and "MH Auto Parts" ("Mile High Auto") is either: (a) a fictitious business name that Murdoch and Stewart use for advertising and selling automotive parts; or (b) is a business entity of unknown form that Murdoch and Stewart own and operate that is in the business of advertising, offering for sale, and selling automotive parts, including the parts described in this Complaint.  Murdoch, Stewart, and Mile High Auto are sometimes referred to collectively as "Defendants."

8.    On information and belief, Murdoch and Stewart reside at 2750 Pleasant Valley Road, Fort Collins, Colorado, 80521, which also is Defendants' principal place of business, and Defendants use that address for purposes of advertising, receiving orders, processing payments, and packaging and shipping goods offered for sale and sold through eBay and other e-commerce sites, including the Bosch-branded goods described below.

9.    Defendants advertise, sale, offer for sale and deliver their products, including the counterfeit Bosch-branded goods described below, to customers in California, including customers in the Central District of California.

10.    On information and belief, in participating in and/or performing the acts and omissions alleged in the Complaint, Defendants were acting as the agents, partners, servants, employees, alter egos, or successors or predecessors in interest of other of the Defendants, and were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other defendants, at all times relevant to this Complaint.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction under 28 U.S.C. section 1338(a) as this action arises under the Lanham Act, Sections 32 and 34, as well as under pendent jurisdiction under 28 U.S.C. section 1367.

12. This Court also has jurisdiction under 28 U.S.C. section 1332 because Plaintiff and Defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is proper in the Central District of California under 28 U.S.C. section 1391(b) because a substantial part of the events, omissions and acts that are the subject matter of this action occurred within the Central District of California.

**FACTS**

**Bosch and its Valuable and Well-Known Trademarks**

14. Bosch GmbH has been manufacturing and selling products under the well-known BOSCH brand name and trademark for more than 100 years. Bosch GmbH conducts business in a wide range of industries, including manufacturing and selling automotive parts as an original equipment manufacturer ("OEM"), and manufacturing and selling automotive parts for the aftermarket parts industry.

15. For many years, and long before the acts of Defendants alleged herein, Bosch GmbH and its licensees have used the mark BOSCH (the "Bosch Word Mark") and the mark ⊜ (the "Bosch Magneto Mark") (collectively, the "Bosch Marks") in the United States in connection with automotive parts.

16. Bosch GmbH is the owner of numerous federal trademark registrations with the United States Patent and Trademark Office (the "USPTO") consisting of or incorporating the Bosch Word Mark and/or the Bosch Magneto Mark, including but not limited to the following marks on the USPTO's Principal Register:

| Mark | Goods | Reg. No. | Reg. Date |
|------|-------|----------|-----------|
| BOSCH | Starters for combustion engines and diesel engines (not for land vehicles); magnetos, transistorized ignitions for engines; ignition components for engines, namely ignition coils, ignition distributors, contact sets and spark plugs; electric motors (not | 1,637,401 | Mar. 12, 1991 |

| Mark | Goods | Reg. No. | Reg. Date |
|------|-------|----------|-----------|
| | for land vehicles); electric generators and alternators; fuel injection systems for gasoline engines comprising fuel pumps, injectors, fuel rails, fuel pressure regulators, governors, idle speed actuators, throttle switches air valves and magnetic valves; diesel engine fuel injection equipment, namely, injection pumps, nozzles, nozzle holders, delivery valves, magnetic valves and timers; flame starters for diesel engines; heating flanges, glow plugs for diesel engines; air, oil and fuel filters for engines (not for land vehicles); electro- hydraulic pumps, hydraulic accumulators, hydraulic cylinders, hydraulic piston motors, hydraulic valves; pneumatic cylinders, pneumatic door actuators and air compressors. | | |
| BOSCH | microcomputers, microprocessors, program and data memory, input and output circuitry and sensors for measuring, controlling and regulating the ignition and fuel injection of automotive vehicles; electronically controlled gasoline injection equipment; exhaust gas analyzers; electric batteries; condensers; car fuses; electric switches; electric cables; car aerials, interference suppressors. | 1,641,945 | Apr. 23, 1991 |

| Mark | Goods | Reg. No. | Reg. Date |
|------|-------|----------|-----------|
| | Lubricating devices for all kinds of machines, comprising oil pumps, grease pumps, lubricant | 633,563 | Aug. 28, 1956 |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | distributors; fuel injection equipment used with internal combustion engines comprising fuel injection pumps, nozzles, nozzle-holders, injection timing devices, governors; fuel feed pumps; filters for fuel and oil; flushing and charging blowers for motors; fluid operated equipment, pressure and vacuum equipment, servo equipment, said equipment comprising pumps, motors, actuating cylinders, valves, control apparatus, pressure accumulators; coupling devices, connecting parts, switch devices; multi-purpose hand motors, drilling machines and supports for drilling machines, drilling and reaming machines, grinders, nut runners, tappers, sheet metal shears, milling machines, polishers for wet and dry polishing, roll pickers for cleaning of spinning machines, drill hammers, drilling blowers, boring bars, hard metal drilling bits; percussion hammers, plumber's power hammers, builder's power hammers, insert tools, such as drills, milling cutter files, wood working tools (rasps), countersinking tools, filing discs, polishing cups and discs, brushes, grinding discs, shapers; supports for hand motors; motor compressor units; vibrators; electric machines and accessories (for commercial use) for preparing food comprising kneaders, mixers, liquidizers, slicers, | | |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | shredders, pommes-frites (potato chip) discs, potato peelers, citrus presses, meat mincers, juice extracting attachments, grating attachments, noddle-making attachments, fritter-making attachments, sausage stuffers; gear coupling devices; motor compressor units; devices for moving front loaders, stern loaders, mobile cranes, fork trucks, tractors or trailers with power lifts or tilters; and parts of all of the said goods | | |
| ⊖ | Processing, transmitting, receiving and indicating signals, data, images and sounds, namely, audio recorders and digital media receivers; electric and electromagnetic data carriers; video cameras, monitors, loudspeakers, antennas for devices, namely, GPS navigation devices; LSN peripherals, namely, smoke detectors, intrusion detectors, alarm sounders and strobes, security interface modules, remote fire indicators, power supplies and security system arming devices; control modules, expansion modules, switches, and programmers for location and navigation for installation in land vehicles, aircraft, and marine craft; high frequency generators, power supply devices, namely, power supplies, electric filters, semiconductor components, namely, semiconductor chips; optoelectronic components, namely, optical cables | 4,412,647 | Oct. 8, 2013 |

Rutan & Tucker, LLP
attorneys at law

2314/102002-0014
10393296.2 a12/05/16

COMPLAINT

| Mark | Goods | Reg. No. | Reg. Date |
|------|-------|----------|-----------|
| | and filters for optical devices; printed, etched and casted circuits, integrated circuits, relays, fuses, leads for electric, electronic and optical signals, cable connections, electric switches, electronic regulators for headlamp beam adjustment, electric motors, sensors, detectors, switching devices, namely, automatic switching apparatus for telecommunication; switch boxes, solar cells and solar generators; analyzers for motor vehicles for exhaust gas analysis, soot particle analysis, brake function; diagnostic instruments and equipment, namely, motor measurement modules for motor testers, emissions analysis, and for simulations; engine testers and workshop test equipment benches for engine system testing, diagnostic analysis, emissions analysis, battery service, brake testing, diesel system testing, wheel alignment, air condition service, tire changing, wheel balancing; automotive lifts for injection pumps, starters and generators; batteries, charging devices, namely, battery chargers, battery testers, amplifiers, transformers and cable drums | | |

17.     The Registration Certificates for Registration Nos. 1,637,401, 1,641,945, 633,563 and 4,412,647 are attached hereto as **Exhibits A – D**, respectively.  Registrations Nos. 1,637,401, 1,641,945, 633,563 and 4,412,647 are valid and subsisting, and

1   Registrations Nos. 1,637,401, 1,641,945 and 633,563 have become incontestable in

2   accordance with 15 U.S.C. sections 1065 and 1115(b). The registrations thus constitute

3   conclusive evidence of Bosch GmbH's exclusive right to use these marks throughout the

4   United States and to license those rights to subsidiaries and affiliates like Bosch LLC.

5        18.    Bosch LLC manufactures, markets, and sells automotive, consumer, and

6   industrial technology products throughout the United States, including automotive parts

7   and systems.

8        19.    For many years, and long before the acts of Defendants alleged in this

9   Complaint, Bosch LLC and its predecessors have manufactured and sold automotive

10   parts and systems under the Bosch Marks, including automotive mass air flow sensors,

11   mass air flow meters, cam shaft position sensors, and fuel pumps, pursuant to a license

12   agreement with Bosch GmbH.

13        20.    Bosch LLC has sold billions of dollars' worth of goods and services in the

14   United States under the Bosch Marks, and has spent substantial sums marketing and

15   promoting goods and services under those marks.

16        21.    By virtue of the aforementioned sales and marketing, the Bosch Marks have

17   become well-known throughout the United States.

18        22.    The automotive parts and systems sold under the Bosch Marks are subject

19   to a strict quality control program Bosch has implemented that protects and preserves all

20   aspects of such parts and systems, including their safety, components, appearance, and

21   packaging.

22                   **Defendants' Unlawful Use of the Bosch Marks**

23        23.    On information and belief, Defendants, and each of them, are in the

24   business of selling automotive parts that they advertise, market, and sell through, among

25   other things, eBay. These parts include Bosch-branded automotive mass air flow sensors,

26   mass air flow meters, cam shaft position sensors, and fuel pumps. Bosch is informed and

27   believes that Defendants use the email address chasemurdoch@live.com for these

28   business activities, and that Defendants use one or more aliases in advertising, marketing

1   and selling Bosch-branded automotive products through eBay, including the username

2   and alias "mh_auto".

3       24.     Defendants are advertising, offering for sale and selling automotive

4   products, including automotive mass airflow sensors, mass airflow meters, cam shaft

5   position sensors, and fuel pumps, that bear identical copies of the Bosch Marks, even

6   though those products are not made or authorized by Bosch.  The use by Defendants of

7   the Bosch Marks is unauthorized and the automotive mass airflow sensors, mass airflow

8   meters, cam shaft position sensors, and fuel pumps they are selling that bear the Bosch

9   Marks are not genuine Bosch products.

10      25.     Recently, a Bosch agent placed an order from the Central District of

11  California to purchase products from Defendants marked with the Bosch Word Mark and

12  Bosch Magneto Mark.  These automotive parts included mass airflow sensors (part

13  numbers 0280217007 and 0280218009), mass airflow meters (part numbers 0280217114,

14  0280218152, 0280217121) cam shaft position sensor (part number 0232101031), and fuel

15  pump (part number 0580254910).  Defendants shipped these parts to Bosch's agent in the

16  Central District of California through interstate commerce.

17      26.     Bosch engineers analyzed the Bosch-branded automotive mass airflow

18  sensors, mass airflow meters, cam shaft position sensor, and fuel pump acquired from

19  Defendants.  Although each of these products bear the Bosch Marks, none of these

20  automotive parts are genuine Bosch products.

21                              **Harm to Bosch**

22      27.     Upon information and belief, Defendants' aforementioned uses of the

23  Bosch Marks constitute a deliberate, intentional, and willful attempt to trade upon

24  Bosch's business reputation and the goodwill of Bosch's trademarks.

25      28.     As a result of Defendants' acts of counterfeiting, trademark infringement,

26  false advertising, and unfair competition, the customers and potential customers of

27  Defendants have been or are likely to be confused into thinking that the counterfeit

28  products Defendants sold are genuine Bosch products, when they are not.

29.   Defendants' advertising, offering for sale and sale of products that bear the Bosch Marks, but that are not genuine Bosch products, has caused and will continue to cause irreparable harm to Bosch and to the goodwill it owns in the Bosch Marks, and lost sales.  Upon information and belief, Defendants have received illicit profits and wrongful gains through their sale of counterfeit products bearing the Bosch Marks.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting in Violation of

### Sections 32 and 34(D)(1)(B) of the Lanham Act)

30.   Bosch realleges and incorporates the allegations in paragraphs 1 through 29 as if set forth in full.

31.   Defendants' unauthorized use of the Bosch Marks on automotive mass air flow sensors, mass air flow meters, cam shaft position sensors, and fuel pumps that are not genuine Bosch products constitutes use of spurious marks identical with, or substantially indistinguishable from, Bosch's genuine Bosch Marks, which are registered on the Principal Register of the USPTO for use in connection with the Bosch products at issue herein.

32.   The acts of Defendants have caused and/or are likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of those goods offered for sale or sold by Defendants.

33.   The acts of Defendants complained of in this Complaint constitute use in commerce of reproductions, copies, or colorable imitations of the Bosch Marks in connection with the advertising, offering for sale, and sale of goods or services, and constitute trademark counterfeiting in violation of sections 32(1) and 34(d)(1)(B) of the Lanham Act, 15 U.S.C. sections 1114(1) and 1116(d)(1)(B).

34.   As a result of the acts of Defendants' unlawful conduct, Defendants have been unjustly enriched and Bosch has been irreparably damaged.

35.   Because the actions of Defendants will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law.

1  Bosch is thus entitled to an order enjoining and restraining, preliminarily and

2  permanently, Defendants from using the Bosch Marks in connection with the sale of non-

3  genuine Bosch products.

4      36.  Bosch is also entitled to an award of costs, attorneys' fees, and prejudgment

5  interest for the acts of trademark counterfeiting by Defendants in accordance with 15

6  U.S.C. section 1117(b).

7                          **SECOND CLAIM FOR RELIEF**

8                          **(Trademark Infringement in Violation**

9                          **of Section 32 of the Lanham Act)**

10     37.  Bosch realleges and incorporates the allegations in paragraphs 1 through 36

11  as if set forth in full.

12     38.  Defendants' aforesaid unauthorized use of the Bosch Marks in connection

13  with offering for sale and selling non-genuine Bosch products is likely to cause

14  confusion, mistake, or deception as to source, origin, sponsorship, or approval of those

15  goods.

16     39.  The actions of Defendants thus constitute trademark infringement in

17  violation of section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1).

18     40.  As a result of the actions of Defendants, Defendants have been unjustly

19  enriched, and Bosch has been irreparably damaged.

20     41.  Because Defendants' actions will continue to injure and damage Bosch

21  unless restrained by the Court, Bosch is without an adequate remedy at law.  Bosch is

22  thus entitled to an order enjoining and restraining, preliminarily and permanently,

23  Defendants from using the Bosch Marks in connection with offering for sale or selling

24  non-genuine Bosch products.

25  / / /

26  / / /

27  / / /

28  / / /

### THIRD CLAIM FOR RELIEF

#### (False Designation of Origin in Violation of Section 43(A) of
#### the Lanham Act)

42.    Bosch realleges and incorporates the allegations in paragraphs 1 through 41 as if set forth in full.

43.    Defendants' aforesaid use of the Bosch Marks in connection with offering for sale and selling non-genuine Bosch products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Bosch, or as to the origin, sponsorship, or approval of Defendants' goods, in that purchasers are likely to believe that Bosch authorizes or controls the sale, offering, or provision of Defendants' goods described above, or that Defendants are associated with or authorized by Bosch to sell, offer, or provide those goods.

44.    The actions of Defendants constitute false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

45.    As a result of the actions of Defendants, Defendants have been unjustly enriched, and Bosch has been greatly and irreparably injured and damaged.

46.    Because the actions of Defendants will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendants from using the Bosch Marks in connection with the sale of non-genuine Bosch products.

### FOURTH CLAIM FOR RELIEF

#### (False Advertising in Violation of Section 43(A) of
#### the Lanham Act)

47.    Bosch realleges and incorporates the allegations in paragraphs 1 through 46 as if set forth in full.

48.    Defendants advertise or have advertised automotive mass air flow sensors, mass air flow meters, cam shaft position sensors, and fuel pumps on eBay and, on

1  information and belief, other e-commerce sites, in a manner that falsely suggests that

2  those products are genuine Bosch products.

3       49.    The claims of Defendants have actually deceived, have the tendency to

4  deceive, and/or are likely to deceive consumers.

5       50.    Because the claims of Defendants are likely to influence the purchasing

6  decision of purchasers of automotive mass air flow sensors, mass air flow meters, cam

7  shaft position sensors, and fuel pumps, the deception Defendants' claims have caused or

8  are likely to cause is material.

9       51.    This commercial advertising by Defendants constitutes false and/or

10  misleading statements of fact that misrepresent the nature, qualities, and characteristics of

11  the products, in violation of section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

12       52.    As a result of the actions of Defendants, Defendants have been unjustly

13  enriched, and Bosch has been greatly and irreparably injured and damaged.

14       53.    Because the actions of Defendants will continue to injure and damage

15  Bosch unless restrained by the Court, Bosch is without an adequate remedy at law.

16  Bosch is thus entitled to an order enjoining and restraining, preliminarily and

17  permanently, Defendants from using the Bosch Marks in connection with the offering for

18  sale or sale of non-genuine Bosch products, and from falsely advertising such products.

19                          **FIFTH CLAIM FOR RELIEF**

20                **(Common Law Trade Name and Trademark Infringement,**

21                          **and Unfair Competition)**

22       54.    Bosch realleges and incorporates the allegations in paragraphs 1 through 53

23  as if set forth in full.

24       55.    Defendants' actions and conduct as alleged herein constitute unfair

25  competition under California common law.

26       56.    Defendants' actions and conduct in adopting and using the Bosch Marks in

27  California constitutes trademark infringement under California common law.

28

57.   Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Bosch, including but not limited to injury to Bosch's good will and business reputation.

58.   Bosch has no adequate remedy at law, and is being irreparably damaged by Defendants' acts in violation of California common law, entitling Bosch to injunctive relief.

59.   Defendants' actions and conduct as alleged herein are malicious and fraudulent and entitle Bosch to punitive damages under Civil Code section 3294.

### PRAYER FOR RELIEF

WHEREFORE, Bosch prays that:

1.   Judgment be entered for Bosch on its claims;

2.   Defendants and each of their agents, servants, employees, representatives, attorneys, any business entity used by Defendants in connection with the above-alleged conduct, their successors and assigns, and all others in active concert or participation with any of them who receive notice hereof, including all subsidiaries, affiliates, and licensees, be enjoined and restrained, during the pendency of this action and permanently thereafter, from:

    a.   directly or indirectly infringing the Bosch Marks in any manner, and specifically:

        i)   using the Bosch Marks, or any reproduction, counterfeit, copy, or colorable imitation of the Bosch Marks, in connection with offering for sale, promoting, marketing, or selling any non-genuine Bosch products;

        ii)   promoting, marketing, advertising, offering for sale, or selling any non-genuine Bosch products;

        iii)   applying the Bosch Marks, or any reproduction, counterfeit, copy or colorable imitation of the Bosch Marks, to any advertisement, website, point of purchase materials,

1             catalogue, brochure, sign, print, press release, or other

2             material used in connection with promoting, selling or

3             offering for sale any non-genuine Bosch products;

4    b.    using any mark that is confusingly similar to the Bosch Marks in

5             connection with manufacturing, promoting, selling and/or offering

6             for sale any non-genuine Bosch products;

7    c.    using any other trademark, trade name, logo or design that tends to

8             falsely represent that, or that is likely to confuse, mislead, or deceive

9             consumers to believe that any non-genuine Bosch products originate

10            from Bosch, or that said goods have been sponsored, approved, or

11            licensed by, or are in some way connected or affiliated with Bosch;

12    d.    engaging in any conduct that tends to falsely represent, or is likely to

13            confuse, mislead, or deceive consumers to believe, that Defendants

14            and any non-genuine Bosch products are sponsored, approved, or

15            licensed by Bosch, or are in some way connected or affiliated with

16            Bosch;

17    e.    affixing, applying, annexing, or using in connection with the

18            promotion, advertising, sale, and/or offering for sale of any non-

19            genuine Bosch products, a false description, representation or

20            misleading statement of fact concerning the nature, qualities,

21            characteristics, standard, grade, style, or model of such goods or

22            services, including by falsely representing that such products are

23            genuine Bosch products;

24    f.    importing for resale into the United States, offering to sell in the

25            United States, or selling in the United States any BOSCH product

26            not authorized by Bosch for sale in the United States; and

27    g.    destroying or otherwise disposing of evidence until final

28            determination of this action, including:

i)      any automotive mass air flow sensors, mass air flow meters, cam shaft position sensors, and fuel pumps and other goods offered for sale in connection with any of the Bosch Marks;

ii)     any promotional or advertising materials, packaging, labels, web site versions, or any other unauthorized items that reproduce, copy, counterfeit, imitate or bear any of the Bosch Marks;

iii)    any sales records, ledgers, invoices, purchase orders, inventory control documents, recordings of any type, and all other business records and documents, including electronically stored information ("ESI") created or stored on a computer, computer server, other computer device or cloud location, that concern the promotion, sale, or offering for sale of any non-genuine Bosch products or any other products sold or offered for sale in connection with the Bosch Marks, including number of units sold and price.

3.      Defendants and all others holding by, through, or under them, be required, jointly and severally, to:

a.      account for and pay over to Bosch all profits that Defendants derived from their acts of trademark infringement and unfair competition, such award to be trebled in accordance with 15 U.S.C. section 1117(a);

b.      pay Bosch the amount of all damages incurred by Bosch by reason of the acts of trademark infringement and unfair competition by Defendants, such amount to be trebled in accordance with 15 U.S.C. section 1117(a);

c.      pay Bosch the costs of this action, together with Bosch's reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C.

section 1117(a);

d.    pay Bosch the greater of treble Defendants' profits or treble the actual damages suffered by Bosch, as well as Bosch's costs, attorneys' fees, and prejudgment interest, for their acts of trademark counterfeiting, in accordance with 15 U.S.C. section 1117(b);

e.    pay Bosch statutory damages for counterfeiting and willful counterfeiting of each of the Bosch Marks of up to $2 million for each type of product sold, offered for sale, or distributed by Defendants, in accordance with 15 U.S.C. sections 1117(c)(1) and (2);

4.    Defendants, and all others holding by, through or under them, be required to deliver for destruction all of Defendants' counterfeit and infringing automotive mass air flow sensors, mass air flow meters, cam shaft position sensors, and fuel pumps bearing any of the Bosch Marks, and all labels, signs, prints, packaging, and advertisements therefor, and any molds, matrices, or other means for making the same, in their possession, in accordance with 15 U.S.C. section 1118.

5.    Defendants be required to serve on Bosch and file with the Court, within 30 days after the service on Defendants of an injunction order, a written report made under oath setting forth in detail how Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. section 1116(a).

6.    Bosch have such other and further relief as the Court deems just and equitable.

Dated: December 5, 2016

                                                            RUTAN & TUCKER, LLP
MICHAEL ADAMS
BENJAMIN C. DEMING
PROUD USAHACHAROENPORN

By: /s/ Michael Adams
Michael D. Adams
Attorneys for Plaintiffs
Robert Bosch GmbH and Robert Bosch, LLC

Rutan & Tucker, LLP
attorneys at law

2314/102002-0014
10393296.2 a12/05/16

-18-
COMPLAINT



1

## JURY DEMAND

2        Bosch hereby demands a trial by jury on all issues so triable.

3 Dated: December 5, 2016                     RUTAN & TUCKER, LLP

4                                     MICHAEL ADAMS
DAMON MIRCHEFF

5                                     PROUD USAHACHAROENPORN

6                                     By: /s/ Michael Adams
Michael Adams

7                                     Attorneys for Plaintiffs
Robert Bosch GmbH and Robert Bosch,
LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2314/102002-0014
10393296.2 a12/05/16

COMPLAINT